# Douglass v. McLean.

The duties of a Controller are partly ministerial and partly discretionary, and while the Courts will not review his discretion exercised in a proper case, yet he is not above the law, and his discretion is not arbitrary, but legal. The facts must be made to appear sufficiently to show that they bring the case within his discretion and that it was exercised in obedience to law. The Courts are final authority and their jurisdiction cannot be · ousted by simply putting forth the assertion of discretionary power without showing that the matter was properly within such discretion.

A Controller exercising his discretion in the disapproval of bills may not arbitrarily say "that he is not satisfied that such claims are honest or just," but he should state specifically the facts upon which he bases his want of satisfaction that the claims are honest or in what particular they are not just or in violation of law.

ALTERNATIVE MANDAMUS—DEMURRER—CONTROLLER'S DISCRETION—CONSTABLES.

No. 176, February Term, 1903, C. P. Luzerne Co.

J. J. O'Donnell, Esq., for Plaintiff.

William R. Gibbons, Esq., for Defendant.

Opinion by G. L. HALSEY, A. L. J., March 16, 1903.

## OPINION:

On the 2nd of January, 1903, Charles E. Douglass presented his petition to the Court alleging that he was elected a Constable for the tenth ward of the city of Wilkes-Barre on the third Tuesday of February, 1902. That warrants were placed in his hands for execution by J. F. Donahue, as Alderman of the said city in certain cases in the said petition named. That he duly served the warrants in the said cases and brought the de-

Douglass v. McLean.

fendants before the said Alderman for a hearing. That hearings were had in all cases upon the charges made against the ·defendants and after such hearings, the charges were adjudicated by the said Alderman as unfounded and the defendants were discharged. That the petitioner presented his vouchers for the payment of the services performed in serving the said warrants as well as subpoenas for the Commonwealth and mileage in each of the said cases and transcripts of the proceedings showing the action of the said Alderman upon the said several respective cases; that the crimes charged were unfounded and that the defendants were respectively discharged; bills for Constables' fees were presented to the said defendant, George R. McLean, Controller, for his approval pursuant to the Act of July 27th, 1895, and the approval of the same was refused. That the fees shown to be due to said plaintiff for the execution of the said warrants and the service of the said subpoenas upon the said several transcripts aggregate the sum of $27.70.

Upon this petition, the Court on that day directed an alternative mandamus to issue against the defendant returnable January 26, 1903, at 10 a. m., to comply with the requests of the petition. To the said alternative mandamus, the said George R. McLean answered under oath "that as Controller of the said county, it was his duty under Section 8, of the Act approved the 27th day of June, A. D. 1895, P. L. 405, to scrutinize, audit and decide on all bills, claims and demands whatsoever against the county. That in pursuance of the said section, he did scrutinize, audit and decide on the bills, claims and demands set forth in the petition for the mandamus. That the only evidence of the justness of the claims presented to him in his official capacity were the bills themselves and the files in the various cases. That he is not satisfied that the claims are honest or just. That his refusal is not a capricious one, but based upon information and knowledge which he does not deem advisable to set forth in his answer. . . . . That having exercised his discretion in the refusal of the payment of the bills, the Court has no power to compel him to approve said bills."

Douglass v. McLean.

To this answer the plaintiff demurs, alleging that the answer of the . respondent among other allegations is insufficient and evasive. That the proceedings were had against these respective defendants upon warrants issued out of the office of J. F. Donahue, Alderman, was shown to be true to the Controller of the transcripts of the record of the Alderman's action in the said several respective cases. In all of them, it was shown to the Controller that the said defendants were brought before him as an Alderman of this county on charges of having committed crimes. That after examinations and hearings, the charges were determined by the said Alderman to .be unfounded and the defendants were discharged. The costs of the Constable in the execution of the said warrants and for the service of the said subpoenas appears taxed upon the transcripts of the said Alderman. By Section 13 of the Act of 1791, 3 Sm. L. 43, it is enacted "that where any person shall be brought before a Court, Justice of the Peace or other Magistrate of any city or county in this Commonwealth having jurisdiction in the case on the charge of having committed crime and such charge upon examination shall appear to be unfounded, no costs shall be paid by such innocent person, but the same shall be chargeable to and paid out of the county stock by such city or county." The Controller in his answer alleges that the only evidence of the justness of the claims presented to him in his official capacity were the bills and files in the various cases. If the Controller after the presentation of the said evidence was not satisfied with the sufficiency of the proof presented under Section 8 of the Act of 1895, P. L. 405, he could have required the officer and plaintiff to make oath and affirmation before him to the correctness thereof. He could have gone further if he deemed it necessary and required evidence by oaths and affirmation of the claimant and otherwise that the claim is legally due and that the services for which payment· was claimed had been furnished or performed under legal authority. Without requiring this additional proof, he reached the general conclusion "that he is not satisfied that the claims are honest or just." His answer should have detailed the facts

Douglass v. McLean.

upon which he reached his conclusion as to the honesty of the claim and wherein they were in violation of the law or unjust. As to the allegation on the part of the Controller that having exercised his discretion in the refusal of payment of the bills, "the Court has no power to compel him to approve said bills," we must conclude that this part of the answer is not tenable. In the case of Commonwealth Ex. rel. App. vs. Philadelphia, 176 Pa. 591, Mr. Justice Mitchell writing the opinion, says:

"The answer appears to be based on a very exaggerated and erroneous idea of the Controller's powers and authority, and the claim that he is not subject to the órder or direction of the Court is not to be tolerated." The duties of the Controller as was held in Commonwealth vs. George, 148 Pa. 463, are partly ministerial and partly discretionary and while the Courts will not review his discretion exercised in a proper case, yet he is not above the law and his discretion is not arbitrary, but legal. When, therefore, he is called upon by the Courts, the facts must be made to appear sufficiently to show that they bring the case within his discretion and that it was exercised in obedience to law. On this subject the Courts are final authority and their jurisdiction cannot be ousted by simply putting forth the assertion of discretionary power without showing that the matter was properly within such discretion."

We must, therefore, conclude that the answer of the Controller is insufficient in alleging as the basis of his action in refusing to approve the said vouchers for the payment to the said petitioner for his services in serving the said warrants as well as the said subpoenas "that he is not satisfied that such claims are honest or just." He should state specifically as we have before intimated, the facts upon which he bases his want of satisfaction that the claims are honest or in what particular they are not just or in violation of law. Because of this lack of particularity upon which he bases his refusal, we are unable to determine whether the basis of his refusal of approval brings this case within his discretion and that it was exercised in obedience to law, because on this subject the Courts are the final authority

and their jurisdiction cannot be ousted by simply putting forth the assertion of discretionary power without showing that the matter was properly within such discretion.

Demurrer sustained.