Commonwealth of Pennsylvania ex rel. The Century Co., A Corporation of the State of New York, Appellant, v. The City of Philadelphia, The Members of The Board of Public Education of the First School District, John M. Walton, City Controller, and Richard G. Oellers, Treasurer of said City.

*Municipalities—Controllers—Discretion—Review by courts.*

   The duties of a controller of a city are partly ministerial and partly discretionary, Com. v. George, 148 Pa. 463; and while the courts will not review the discretion of the controller exercised in a proper case, yet he is not above the law, and his discretion is not arbitrary, but legal.   When therefore he is called upon by the courts, the facts must be made to appear sufficiently to show that they bring the case within his discretion, and that his discretion was exercised in obedience to law.   On this subject the courts are the final authority, and their jurisdiction cannot be ousted by simply putting forth the assertion of discretionary power without showing that the matter was properly within such discretion.

*Municipalities—Controllers—Mandamus—Demurrer—Contract.*

   On a mandamus against a controller of a city to compel him to sign a warrant for the payment of money under a municipal contract, an answer was filed by the controller denying that any contract had been entered into between the city and the relator as required by article 14 of the act

of June 1, 1885. *Held*, (1) that, if this meant that the contract though entered into was not in accordance with the requirements of article 14, it should have gone a step further and stated specifically the defects relied upon ; (2) that this reason was demurrable for want of precision.

On a mandamus to compel a controller of a city of the first class to sign a warrant for the payment of money for dictionaries, the controller answered that he found after investigation that the binding of the dictionaries was so unsuitable for a book of its size as to render it unserviceable for the public use. *Held*, (1) that this reason was entirely outside of the province of the controller ; (2) that the discretionary powers of the controller did not extend to the revision of lawful contracts made by other departments within their proper sphere.

On a mandamus to compel a controller of a city of the first class to sign a warrant for the payment of money for dictionaries contracted for by the board of education, the controller answered that the relator was allowing a very large commission to the agent who secured the contract, and that he was informed by some of the members of the board of education that if they had known that fact they would not have agreed to purchase the books. *Held*, that the answer was insufficient.

*Mandamus—Act of June 8, 1893.*

The act of June 8, 1893, P. L. 345, was not meant nor is it to be construed to substitute mandamus for the writ of summons and the ordinary proceedings and trial.

*Practice, C. P.—Mandamus—Controllers.*

The court of common pleas will entertain jurisdiction over a petition for a mandamus to compel a city controller to sign a warrant for the payment of money under a municipal contract where the department which made the contract does not object to the payment, and the only contest comes from the controller whose grounds of objection as set out in his answer show that none of them was founded on matters within his discretion.

Argued May 14, 1896. Appeal No. 354, Jan. T., 1896, by plaintiff, from decree of C. P. No. 4, Phila. Co., Dec. T., 1895, No. 436, dismissing petition for mandamus. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Petition for mandamus.

The petition prayed for a mandamus to compel the controller of the city of Philadelphia to sign warrants for the payment of $10,000 for Century dictionaries alleged to have been contracted for by the board of education.

The return of John M. Walton, city controller, was as follows :

1. That as the city controller, it is his duty to countersign all warrants on the city treasurer, after the same have been approved by him, and to perform all the duties now enjoined by law on the county auditors.

2. That it is true as stated in the petition filed that the warrant was drawn and sent by the board of public education, together with the bill of the Century Co., to the city controller, and that he refused to countersign or approve it.

3. The city controller submits :

First. That having exercised his discretionary power as to the warrant, he is not subject to the order or direction of your honorable court.

Second.   That he refused to countersign the warrant drawn in favor of the said petitioner, for the following reasons :

(I.) That it did not appear that any contract had been entered into between the city of Philadelphia and the said petitioner, as required by article XIV. of the act of June 1, 1885.

(II.) That after careful investigation he found that the binding of the Century dictionaries furnished to the board of public education was so unsuitable for a book of its size as to render it entirely unserviceable for public school use.

(III.) Because, after an investigation made by him, it was learned that the petitioner was allowing a very large commission to the agent who secured the contract; and the said John M. Walton was informed by members of the board of public education who were present at the hearing, that had they been cognizant of that fact they would not have agreed to purchase the books.

4. That the petitioner, if it has any claim against the city of Philadelphia, has an adequate and complete remedy at law, and is not entitled to the relief prayed for.

The return was demurred to.

The court in an opinion by THAYER, P. J., dismissed the petition of the relators.

*Error assigned*, among others, was above order of the court.

*Arthur M. Burton* and *Cephas Brainerd*, for appellant.—Mandamus is a high prerogative and remedial writ, the appropriate

functions of which are the enforcement of duties to the public, by officers and others who either neglect or refuse to perform them. It follows, therefore, that those to whom it may be appropriately directed owe some duty to the public, and are under obligation to perform it; and for the enforcement of which there is no other specific legal remedy: Com. v. Commissioners, 37 Pa. 277.

The cases in Pennsylvania, which decide that where the suitor has an adequate remedy at law, he cannot have a mandamus, relate to cases of disputed claims: Com. v. Commissioners, 16 S. & R. 316; Hester's Case, 2 W. & S. 416; Com. v. Lyndall, 7 Phila. 29; Com. v. Allegheny Co. Commissioners, 32 Pa. 218.

The learned court below erred in overruling the demurrer to the return of John M. Walton, city controller: Dechert v. Com., 113 Pa. 229; Act of June 1, 1885, P. L. 37; MacGeorge v. Chemical Co., 141 Pa. 575; Com. v. Jenks, 154 Pa. 368; Com. v. Lloyd, 2 Pittsburg, 342; 2 Dillon on Municipal Corporations, sec. 830; Hospital for Insane v. Higgins, 15 Ill. 185; State v. Mount, 21 La. An. 352; Reynolds v. Taylor, 43 Ala. 420; People v. Brennan, 39 Barb. 536; Apgar v. School Dist. No. 4, 34 N. J. L. 308; Portland Stoneware Co. v. Taylor, 17 R. I. 33; Act of June 8, 1893, P. L. 345.

*James Alcorn* and *John L. Kinsey*, for appellees, were not heard, but in their printed brief said: Where there is an adequate and complete remedy at law a writ of mandamus will not be issued: Com. v. Thomas, 163 Pa. 446; Com. v. Thompson, 86 Pa. 443.

The city controller of Philadelphia, in countersigning warrants, is a judicial officer, and the exercise of the discretionary powers vested in him will not be reviewed by the courts: Dechert v. Com., 113 Pa. 229; Act of June 1, 1885, P. L. 37.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1896:

Although the city of Philadelphia and the board of education are parties defendant, the only real contest is raised by the demurrer to the answer of the city controller. The answer appears to be based on a very exaggerated and erroneous idea of the controller's powers and authority, and the claim that he is "not subject to the order or direction of the court" is not to

be tolerated.   The duties of the controller as was held in Com.
v. George, 148 Pa. 463, are partly ministerial and partly dis-
cretionary, and while the courts will not review his discretion
exercised in a proper case, yet he is not above the law, and his
discretion is not arbitrary but legal.   When therefore he is
called upon by the courts the facts must be made to appear
sufficiently to show that they bring the case within his discre-
tion, and that it was exercised in obedience to law.   On this
subject the courts are the final authority, and their jurisdiction
cannot be ousted by simply putting forth the assertion of discre-
tionary power without showing that the matter was properly
within such discretion.

The answer in the present case, after denying the authority
of the court, does proceed to set out three reasons why the con-
troller refuses to countersign the relator's warrant.

First, that it did not appear that any contract had been entered
into between the city and the relator as required by article XIV.
of the act of June 1, 1885.   It is not clear to what extent this
averment is intended to go.   If it means that no contract at all
was made, it is plainly contradicted by the answer of the board
of education, and in effect also by the third reason in the con-
troller's own answer which avers commissions to the agent "who
secured the contract."   If however it means that the contract,
though entered into, was not in accordance with the require-
ments of article XIV., it should have gone a step further and
stated specifically the defects relied on.   This reason was
demurrable for want of precision.

Secondly, that the controller found after investigation that
the binding of the dictionary was so unsuitable for a book of
its size as to render it unserviceable for public school use.
This reason is entirely outside of the province of the controller.
What books, including what bindings are suitable for the pub-
lic school service is not to be determined by him but by the
board of education.   He is not intrusted with the duty of
making, or even of supervising the contracts of other depart-
ments.   He is the city's head bookkeeper, and his office is to
see that the various departments do not exceed their appropria-
tions, nor apply them to purposes not within their proper scope.
To this end he is clothed with very large powers of examination
and investigation, and a large measure of discretion, but they

do not extend to the revision of lawful contracts made by other departments within their proper sphere. This reason presents no excuse whatever for refusal to countersign the warrant.

Thirdly, that it had been learned that the relator was allowing a very large commission to the agent who secured the contract, and the controller was informed by some of the members of the board of education that if they had known that fact they would not have agreed to purchase the books. This excuse is even more frivolous than the last. It is hardly necessary to say that what commissions the relator chooses to pay does not concern any one but the parties themselves, and the change of mind of some or all the members of the board of education cannot alter the legal liability after a contract has been made.

The answer of the board of education sets out a by-law that no contract shall be awarded to publishers, etc., unless the bidder shall file an affidavit that the price is not greater than that charged buyers of like quantities, etc., and that reputable and responsible book dealers have alleged that the relator was then disposing of said dictionary to other parties at a lower price than that at which it was offered to the board. Had the controller's answer averred an investigation of this fact and a refusal based thereon, it would not only have presented a good reason for refusing to countersign the warrant, but a substantial defense to the relator's claim. The board of education do not however aver belief in the allegation, and the controller makes no reference to it. So far as appears therefore the relator has a contract on which the city is legally liable, and of course no opinion, or so-called discretion of the controller can defeat the claim.

It follows that the mandamus should have been issued. In so deciding however it is not intended to enlarge the operation of that writ as a remedy either at common law or under the act of June 8, 1893, P. L. 345. This act was not meant, nor is it to be construed, to substitute mandamus for the writ of summons and the ordinary proceedings and trial. Our judgment does not countenance any such view but is only in the usual and regular course of the law where all the facts are admitted upon the record and only the result is to be pronounced. The contract it is to be noted was made by the board of education for a matter clearly within their department. They issued a war-

rant for payment which was returned to them unsigned by the controller and thereupon destroyed, supposing it to be functus officio.   On the reopening of the subject by this litigation the board promptly issued a new warrant, made return of the facts, and submitted the case without objection to the claim.   Had the board of education at any time indicated that there was any defense to this claim, it is clear that there could be no remedy by mandamus, but only by suit prosecuted to judgment in the ordinary course of law.   But they have not done so.   The only contest comes from the controller, and his grounds of objection, set out at length in his answer, show that none of them was founded on matters within his discretion.   Had any of them been valid the court would not review his decision in regard to the facts, but when admitting all the facts none of the reasons is sufficient, the courts and not the official must determine the rights of the parties.   This is the rule even in cases of discretion vested in strictly judicial tribunals : Johnson's License, 156 Pa. 322; Gross's License, 161 Pa. 344; Gemas's License, 169 Pa. 43 ; and a fortiori must it be the rule where the discretion though ample and exclusive is reposed in a tribunal or an official who is only quasi judicial within prescribed limits.

Judgment reversed and mandamus directed to be issued, unless other and legal grounds be shown why it should not.