## Commonwealth ex rel., Appellant, *v.* Larkin.

*Municipalities—Controllers—Cities of the first and second class—Contracts—Public officers.*

The discretionary power of controllers in cities of the first and second class does not extend to the revision of lawful contracts made by other departments within their proper sphere. If the contract be on its face regular, and the requirements of the statutes in connection therewith have been fully met, the controller is without choice in the matter; it becomes at once his duty in such cases to number the contract according to its date, charge it against the proper item of appropriation, and certify it accordingly. He cannot object merely because the specifications on which a bid was based were uncertain and ambiguous, or because of alleged collusion in connection with the bidding.

Argued May 23, 1906. Appeal, No. 108, Oct. T., 1906, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1906, No. 162, refusing mandamus in case of Commonwealth ex rel. Welsbach Street Lighting Company of America v. John B. Larkin, Controller of the City of Pittsburg. Before MITCHELL, C. J., FELL, POTTER, ELKIN and STEWART, JJ. Reversed.

Petition for mandamus. Before MACFARLANE, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing mandamus.

*Charles E. Morgan* and *A. A. Patterson,* of *Lyon, McKee & Mitchell,* with them *William Findlay Brown* and *Joseph M.*

*Swearingen,* for appellant, cited : Com. v. George, 148 Pa. 463 ; Com. v. Philadelphia, 176 Pa. 588 ; Com. v. Pittsburg, 204 Pa. 219 ; Com. ex rel. v. Brown, 13 Pa. Dist. Rep. 53 ; Black v. Chester City, 175 Pa. 101 ; Ry. Co. v. Griest, 12 Pa. Dist. Rep. 282.

*C. Y. Breck* and *Wallace & Watson,* for appellee, cited : Com. v. Philadelphia, 176 Pa. 588 ; Com. v. Pittsburg, 204 Pa. 219 ; Dechert v. Com., 113 Pa. 229 ; Com. v. George, 148 Pa. 463 ; Com. v. Pittsburg, 34 Pa. 496 ; Com. v. McKissick, 4 Dall. 292 ; Com. v. Cochran, 1 S. & R. 473 ; Com. v. Mitchell, 2 P. & W. 517; Pennsylvania R. R. Co. v. Canal Commissioners, 21 Pa. 9 ; James v. Bucks County, 13 Pa. 72 ; Treasurer of Jefferson County v. Shannon, 51 Pa. 221 ; Com. v. Henry, 49 Pa. 530 ; Com. v. Fitler, 136 Pa. 129 ; Press Pub. Co. v. Pittsburg, 207 Pa. 623 ; People v. Campbell, 72 N. Y. 496 ; Board of Education v. Runnels, 57 Mich. 46 (23 N. W. Repr. 481) ; People v. Thompson, 99 N. Y. 641 (1 N. E. Repr. 542) ; People v. Wood, 35 Barb. 653 ; Parrott v. Bridgeport, 44 Conn. 180.

OPINION BY MR. JUSTICE STEWART, June 27, 1906 :

The powers and duties of controllers in cities of the first and second class, with respect to the certifying of municipal contracts, are practically identical.   Therefore what was said by this court in the case of Com. ex rel. Century Company v. Philadelphia, 176 Pa. 588, applies here.   While it is there said that the duties of a controller are partly discretionary, there is nothing in the opinion warranting an inference that his discretion extends to the certifying of municipal contracts on their face regular and legal.   On the contrary, it is there expressly held, that his discretionary power does not extend to the revision of lawful contracts made by other departments within their proper sphere.   If the contract be on its face regular, and the requirements of the statutes in connection therewith have been fully met, the controller is without choice in the matter ; it becomes at once his duty in such cases to number the contract according to its date, charge it against the proper item of appropriation, and certify it accordingly. No opinion or so-called discretion of the controller can justify him in withholding his certificate from such a contract.   This

is the doctrine of the case, so clearly expressed that it admits of no question. It is, however, all predicated of a legal contract. Where statutory prerequisites have not been observed, the contract would be without validity, not a legal contract; and the withholding of the certificate in such case would not be a matter of discretion with the controller, but a positive duty.

In the present case there was an ordinance regularly passed providing for the letting of the contract for the furnishing of light to the city of Pittsburg in its streets, boulevards, alleys and parks. The ordinance carried with it an appropriation of $100,000 for the purpose above expressed. The requisites of the statute with respect to advertisement, proposals, acceptance of bids, etc., were all complied with, and the contract as drawn was approved by the city solicitor, and executed by the mayor and director of public works on behalf of the city, and on behalf of the other contracting party by the president of the company. The controller having refused to certify the contract, the present proceeding was begun to compel him so to do. In his answer to the petition for a mandamus—which latter recited all the proceedings by the city authorities in this connection, and the terms of the contract between the parties —the controller seeks to justify his refusal on the following grounds : (1) that the proposals were for naphtha street lights, whereas the ordinance and specifications called for incandescent mantle lights ; (2) that the proposals contained no provision for furnishing lamps and posts as required in the seventh paragraph of the specifications ; (3) that the specifications exceed the authority of the ordinance, which was limited to the furnishing of incandescent mantle lights, while the specifications provided also for furnishing lamps and posts ; (4) that the proposals were based upon specifications so vague, uncertain and ambiguous that no legal contract could be founded thereon. Because of these alleged variances and defects the answer avers that the contract was not a legal one, and that therefore no duty rests on the controller to certify it. It cannot be said of any one of the objections here urged that it has an adequate basis of fact to support it.

The ordinance calls for incandescent lights, without defining the character of the light beyond what the words used mean and fairly imply. The proposals were not for anything dif-

ferent than that expressed and defined in the ordinance; the language of the proposal is : " For naphtha street lights . . . . using incandescent mantles," of a given candle power.

The proposal was " to furnish all materials, tools and labor required to furnish the above-named light in streets in accordance with the plans, specifications and instructions of the Director of Public Works." It would hardly occur to anyone not seeking a pretext to avoid the contract, that under this proposal there could be any question as to the obligation on the party making it, to furnish the lamps and posts required under the seventh paragraph of the specifications.

As much may be said with respect to the averment that the specifications exceed the authority of the ordinance. The latter is not limited as the answer avers, to the furnishing of incandescent mantle lights, but, as declared in section one of the ordinance, the authority was " to let a contract for furnishing light to the city of Pittsburg on its streets, boulevards, alleys, by-ways and parks with incandescent. mantle lamps." Whatever would be necessary to accomplish the purpose of the ordinance, that is to say lighting the city of Pittsburg with the particular light indicated, would obviously and necessarily be included in the authority given.

The objection that the contract is illegal because the specifications on which the bid was based were uncertain and ambiguous, is the expression of an opinion which the respondent has a perfect right to entertain, but which we cannot be expected to seriously consider. Should questions arise in consequence of this alleged conflict or ambiguity, the courts may be trusted to meet and solve them.

No more can the collusion charged in connection with the bidding be made the subject of inquiry in this proceeding. The one question in the case is, shall the controller be required to certify this contract? It is his duty to certify all municipal contracts which have been entered into under and in compliance with statutory requirements. We have said this is such a contract. The fraud alleged does not go to the regularity of the contract—and by regularity we mean conformity to the positive requirements of the statute. The powers and duties of the controller are purely statutory; and when one holding the office asserts the right to avoid or ignore a duty plainly

enjoined, nothing can vindicate such right short of a statutory provision equally explicit with that which enjoins the duty. If the facts with respect to the collusion be as stated in the answer, they furnish sufficient basis for a proceeding at the suit of the city or of a defrauded taxpayer to set aside the contract, as was done in Mazet v. Pittsburg, 137 Pa. 548, and, as the record shows, is now being attempted with respect to this contract in the courts of Allegheny county; but until the contract be judicially declared illegal by reason of the alleged fraud, it is not for the controller to assert its invalidity in justification of a refusal on his part to certify a contract which stands clear of all other objection.

The fact that these very questions are now before the courts for determination in a pending proceeding involving the legality of the present contract, can have no bearing on the question here to be decided. The controller may be required to certify the contract without in any way affecting the rights of the parties in the other proceeding. His certificate can in no way protect the fraud, if any were perpetrated in connection with the contract; this and all other questions touching the validity of the transaction would be just as widely open for investigation with the certificate attached as they would be without it.

Judgment reversed and mandamus directed to be issued, unless other and legal grounds be shown why it should not.