## Thayer et al. *v.* McCaslin, Controller, Appellant.

Argued March 26, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

554

*Orville Brown,* for appellant.

*W. Walter Braham,* with him *William D. Cobau* and *J. Glenn Berry,* of *Braham, Cobau & Berry,* for appellee.

*Charles H. Akens,* for taxpayers.

OPINION BY MR. JUSTICE SCHAFFER, April 9, 1934:

The court below awarded a peremptory mandamus against defendant, county controller of Lawrence County, commanding him to approve for payment the claim of plaintiffs for professional services as architects in the preparation of preliminary plans for the building of a new courthouse. Defendant, claiming that his duties in the matter are discretionary and not ministerial, has appealed.

The county commissioners on October 17, 1933, passed a resolution in which they declared that the existing courthouse, county jail and sheriff's residence were insufficient for the accommodation of the county's affairs and resolved that additional or other ground be purchased for the purpose of erecting thereon an adequate courthouse, jail and sheriff's residence. By resolution adopted October 25, 1933, the commissioners employed plaintiffs as architects to prepare plans and supervise

the erection of the buildings, subject to the approval of the court of quarter sessions of the contract to be entered into. Such a contract was executed and was approved by the court. It provides that upon completion of the preliminary studies the architects shall be paid a certain percentage of their total fee. The preliminary studies were completed and approved by the commissioners. The bill therefor was also approved by them. Upon its presentation to defendant, he declined to approve on the ground that the architects' contract had never been submitted to him for his approval, and upon other grounds, among them, that he has a general supervision and control over the fiscal affairs of the county and over the acts of public officials who have the management of the county's funds and that his acts in connection with plaintiff's claim are discretionary. None of the positions assumed by appellant can be upheld, as they are not sound.

The first proposition advanced by appellant is that under section 346 of the General County Law of May 2, 1929, P. L. 1278, 16 P. S., section 346, the commissioners may not increase by contract the expenditures of the county in any year beyond the amount of the taxes assessed for that year and that the expenditure here contemplated will do so. The section provides: "On or before the first day of February of each year, the controller shall communicate to the commissioners, in writing, a detailed estimate of and for the legitimate purposes of the county for the current year [it will be noted that this does not refer to an estimate of 'expenditures'] including interest due and to fall due on all lawful debts of the county bearing interest. Such estimate shall be a guide to the commissioners in fixing the tax rate, but shall in no wise limit the power of the commissioners in this respect. The commissioners shall, on or before the fifteenth day of February thereafter, fix such rate of taxation upon the valuation of the property of the county as will raise sufficient sum to meet the said expenditures.

The commissioners shall not, by contract or otherwise, increase the expenditures of the county in any year to an amount beyond the taxes assessed as aforesaid for said year." We construe this as meaning that the controller shall submit to the commissioners an estimate of all receipts and expenditures; otherwise his estimate would serve no purpose so far as the commissioners are concerned. Without knowing what the other revenue is estimated to be, they could not intelligently fix the tax rate. The prohibition against increasing expenditures to an amount beyond the taxes assessed means beyond the other revenues and the taxes. If this were not so, the commissioners could not use the other revenues at all and these funds would lie in the treasury. It is admitted that plaintiffs' bill is within the revenues of the county.

The second position assumed by appellant is that he, as controller, is vested with the power to exercise a discretion in respect to the contract in question. We find in the law no warrant for such attitude. Section 566 of the General County Law provides: "When it appears to the county commissioners that the necessities of the county require ground, at the county seat, for the purpose of the erection or extension of such building or buildings as may be necessary for the accommodation of the courts, and of the several officers of the county, and for the reception and safe keeping of the records and other papers in charge of such officers, and also ground at or near the county seat for the purpose of the erection or extension of such other building or buildings as may be necessary and proper for the purposes of a county jail or workhouse, or any or either of them, they may purchase ground for such purposes, and cause to be erected thereon the necessary buildings for which said ground was purchased, subject to the approval of the court of quarter sessions." It will thus be seen that full power and discretion are vested in the commissioners when the court approves.

Section 341 of the act is pointed to by the controller as giving him a status to exercise discretion in the matter before us. The portion of the section to which he invites attention provides: "The controller shall have a general supervision and control of the fiscal affairs of the county, and of the accounts and official acts of all officers or other persons who shall collect, receive or distribute the public moneys of the county, or who shall be charged with the management or custody thereof." This refers to the accounting side of the county's business, not the contracting and management part thereof. Controllers are not overlords of the other county officers. We have heretofore pointed out the function of controllers and the general limitation upon their powers in Com. v. Phila., 176 Pa. 588, 592, where we said: "He [the controller] is not intrusted with the duty of making, or even of supervising the contracts of other departments. He is the city's head bookkeeper, and his office is to see that the various departments do not exceed their appropriations, nor apply them to purposes not within their proper scope. To this end he is clothed with very large powers of examination and investigation, and a large measure of discretion, but they do not extend to the revision of lawful contracts made by other departments within their proper sphere." In the recent case of Schenley Farms Co. v. McGovern, 312 Pa. 67, 73, commenting upon Com. v. Phila., we said: "There the controller claimed to extend his discretionary powers 'to the revision of lawful contracts made by other departments within their proper sphere,' which of course he had no right to do." Speaking through the present Chief Justice in Nicely v. Raker, 250 Pa. 386, where the county controller had refused to approve a bill, we used language applicable here, saying (page 391): "The reason given by defendant [the controller] for withholding his approval to the certificate, in effect places his individual judgment above that of the court and the officer upon whom the duty of procuring the work done is expressly

placed by the legislature." For further discussions of controllers' powers, see Com. v. Larkin, 216 Pa. 128; Com. v. Wertz, 251 Pa. 241 (in which it was said that the improving of a courthouse is not a matter within his discretion) and Com. v. Irvin, 110 Pa. Superior Ct. 387. Where a statute has conferred upon certain officials the power to act with respect to a particular matter, the controller cannot nullify their acts by refusing to recognize a contract which they make. His duty in such circumstances is ministerial.

Some point is made by appellant of the fact that no ground has yet been purchased as a site for the courthouse, and it is, therefore, suggested that the court should not have approved the plans. There may have been wisdom in not acquiring ground until the plans for the buildings had been formulated. Until this was done it could not be known with certainty just how much land would be required.

It is queried by appellant whether the General County Law repeals section 69 of the Act of April 5, 1849, P. L. 555-62, but no argument is advanced by him to aid the query. The brief filed by an intervening taxpayer deals with the question, but we think it too plain for argument that the section of the Act of 1849 is nonexistant because it provided only for the building of the original Lawrence County courthouse when that county was created.

The court properly issued the mandamus.

The judgment is affirmed.