## Berks County Institution District, Appellant, *v.* Schoener, Appellant.

Argued October 6, 1955. Before STERN, C. J., STEARNE, JONES and ARNOLD, JJ.

*James W. Bertolet,* with him *Raymond C. Schlegel,* and *Donald F. Spang,* for plaintiff.

*Charles H. Weidner,* with him *Stevens & Lee,* for defendant.

Opinion by Mr. Justice Arnold, November 14, 1955:

These appeals were argued together and will be disposed of in one opinion.

Berks County Institution District brought an action of assumpsit against the defendant, formerly county controller of Berks County, to recover the amount of alleged expenses taken by him in connection with his office.

Pursuant to the Act of 1949, P. L. 1709, 62 PS §2253, the defendant, as county controller, received an expense allowance of $3,383.33 from July, 1949, through December, 1951.

The controller's reports did not show the actual expenses incurred by the controller in connection with the institution district during this period, nor at any time prior thereto; nor were actual expense accounts submitted to the institution district for any such expenses.

The defendant, as county controller, filed his official reports for the years 1949 and 1950, in which the per annum expenses were included only as "miscellaneous expenses" under the heading, "Berks County Institution District Expenditures—General Administration." For the year 1951 the report of the county controller was filed by defendant's successor in office. No appeal was taken from any of these reports.

At the trial the court directed a verdict for the plaintiff in the full amount of its claim.

On motion for judgment n.o.v. the court below entered judgment for the plaintiff with the exception of the sum of $383.33 shown on the report of defendant's successor in office, and the actual stipulated expenses

for 1949 and 1950 as hereinafter set forth. From the judgment thus entered both the defendant and the plaintiff took appeals.

I.

The Act of May 23, 1949, P. L. 1709, 62 PS §2253, provides, inter alia, that controllers of counties of the fourth class (of which Berks County is one) shall receive an allowance of $1,500 per annum for expenses incurred in connection with the institution district.

The actual "expenses" of the controller for the year 1949 were stipulated to have been $125.00, for 1950, $170.76, and for 1951, $200.00; the plaintiff reserving the right to deny the duty of the institution district to pay the same. No contention is made that the actual expenses were $1,500 a year, nor any sum other than that hereinbefore set forth.

In *Loushay Appeal,* 169 Pa. Superior Ct. 543, 83 A. 2d 408, which dealt with a similar matter pertaining to county commissioners acting as officers of the institution district, it was said at page 549: "A lump sum allowance, or appropriation in gross, for expenses is not per se illegal or contrary to the constitutional prohibition against an increase in salary or emoluments; and legislative judgment on the facts is generally conclusive. *It has been said, however, that such allowance in gross for expenses 'must be within such reasonable limits as to warrant the conclusion that it might be covered by a certified statement of expenses incurred.'* [citing authorities] . . . Apart from that we think it is clear that this 'additional expense allowance' of $1,000 per annum to each county commissioner in counties of the sixth class, directed to be paid by the Act of May 14, 1949, P. L. 1359, cannot be intended merely for 'expenses incurred in connection with the institution district'; for all necessary expenses incurred by such officials in any capacity, statutory pro-

vision had been made. The purpose of the *additional* allowance for the same expenses for which provision had been made, and the result are obvious and free from doubt. Unless it was intended that payment should be made for more than expenses incurred, there could be no reason for the enactment of the amendatory Act of May 14, 1949, P. L. 1359. Probably this could not be designated a gratuity. But at least the additional expense allowance is, in substance and in effect, an increase in salary, or an emolument, that is, additional compensation to appellants, who, as county commissioners, were serving current terms of office, and the Act directing such payment is therefore violative of Article III, §13, of the Constitution . . ." (Italics supplied).

We have no hestitancy in stating that in this case, as in the *Loushay* case, the Act of 1949 allowing a lump sum for the expenses of the county controller, is unconstitutional.

### II.

Defendant contends that the plaintiff has failed to pursue the exclusive statutory remedy of appeal provided by the Act of 1929, P. L. 1278, 16 PS §1, as amended, and that this action of assumpsit must fail. Under all the circumstances, the report of the controller, although unappealed from, is *not* conclusive.

If the statutes under which payments have been made are unconstitutional, the moneys must be returned. " 'Payments made out of public funds by public officials to *themselves* as compensation or expenses, under an authorizing statute which is subsequently declared unconstitutional or inapplicable or void, may, because of public policy, be recovered by the County.' ": *Werner Appeal,* 173 Pa. Super. Ct. 242, 245, 98 A. 2d 487.

In *County of Allegheny v. James A. Grier,* 179 Pa. 639, 36 A. 353, the controller's report was held to have no effect insofar as the controller's own salary was concerned. The Court stated, at page 642, that "the attributed effect of the filing and advertisement of the controller's annual report, so far as it relates to his salary, is without merit,". and that the controller being "chosen by the people to watch and take care of these [fiscal] interests, it cannot be expected that they shall in turn keep a watch on him.".

In the controller's reports for the years 1949, 1950 and 1951, the controller did not specifically show his receipt of any monies from the institution district, and on the Berks County Institution District's expenditures the only item shown was "miscellaneous expenses" in varied amounts. In *Kistler v. Carbon County,* 154 Pa. Super. Ct. 299, 308, 35 A. 2d 733, that Court quoted with approval from *Boyer v. Potts,* 14 S. & R. 157, 158, as follows: " 'The turpitude of acting both as a judge and party in the same cause, cannot but be obvious to the dullest comprehension.' " It concluded that "uncontrolled and unreviewable discretion is, under our system of government, rarely committed to public officers, and discretion to transfer the public funds to the private purses of public officers has never been recognized."

Even if the action of assumpsit were not allowed by this Court, an appeal from the controller's report nunc pro tunc could be successfully taken. To require such a result would be a waste of judicial time.

III.

Nor should the defendant have been granted an allowance for actual expenses incurred. These expenses resulted from visits to other counties for the purpose of determining the advisability of building an almshouse by Berks County Institution District. The Act

of 1929, P. L. 1278, as amended, 16 PS §138, provides that county controllers ". . . shall be allowed . . . expenses necessarily incurred and actually paid in the discharge of their official duties . . ."

We do not find it was the duty of the controller to visit other counties for the purpose of determining the advisability of the project in question. The Act of 1929, P. L. 1278, §341, 16 PS §341, provides: "The controller shall have a general supervision and control of the fiscal affairs of the county, and of the accounts and official acts of all officers or other persons who shall collect, receive or distribute the public moneys of the county, or who shall be charged with the management or custody thereof." The Act of 1941, P. L. 256, §1, 62 PS §2260, provides: ". . . The county controller shall have general supervision and control of the fiscal affairs of the institution district and of the accounts and official acts of all officers or other persons who shall collect, receive or distribute the public moneys of the district . . ."

As stated in *Thayer v. McCaslin, Controller,* 314 Pa. 553, 557, 171 A. 898: "He [the controller] is not intrusted with the duty of . . . supervising the contracts of other departments . . . his office is to see that the various departments do not exceed their appropriations, nor apply them to purposes not within their proper scope." He is the "watchdog" of the treasury,—not the supervisor of the contracts lawfully made by the other officers. We cannot but hold that he does not have authority over the contracting or management part of the institution district's business. To hold otherwise would be to install the controller as the one person to decide upon all of the business of the district, with the commissioners acting only in an advisory capacity.

## IV.

The report for the year 1951 was filed not by the defendant but by his successor in office. This fact, however, was not conclusive under the present circumstances. See *Lackawanna County's Appeals,* 296 Pa. 271, 145 A. 843; *Punxsutawney Borough v. Mitchell,* 320 Pa. 168, 182 A. 370 (involving borough auditors). In *O'Gara et al., County Commissioners, v. Phillips,* 297 Pa. 526, 532, 147 A. 613, this Court said: "The report of a controller, however, is not conclusive as to assets which the accounting officer conceals or of which no return is made or which are not officially brought to the attention of the auditing officer." In this case there was such concealment that it vitiated an audit of the particular funds by the successor-controller. It did not show that the controller himself was receiving remuneration from the institution district. Unless such items as the controller received are indicated with particularity, the controller's report should not be given the effect of an adjudicated judgment in the sense that its hidden inclusion constitutes it a verity in the absence of a prompt appeal.

The appeal of Ralph E. Schoener to No. 178 January Term, 1955, is dismissed.

The appeal of the Institution District to No. 186 January Term, 1955 is sustained, and the judgment entered by the court below is modified with instructions to that court to enter judgment upon the verdict of the jury.