515 A.2d 91

Thomas A. Flaherty, Controller of the City of Pittsburgh, Appellant *v.* City of Pittsburgh et al., Appellees.

Argued June 12, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*David J. Armstrong*, with him, *David N. Neuhart* and *William D. Clifford, Dickie, McCamey & Chilcote, P.C.*, for appellant.

*Deborah S. Miskovich,* Assistant City Solicitor, with her, *D. R. Pellegrini,* City Solicitor, for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 15, 1986:

Thomas E. Flaherty appeals an Allegheny County Common Pleas Court order denying his petition for a rule to show cause why peremptory judgment in mandamus against him should not be opened. We affirm.

Flaherty, Controller of the City of Pittsburgh (City), refused to countersign a contract between the City and Craig Auto Service and Towing, a private concern, because he concluded that there was cause to believe that there were bidding irregularities in the award of the contract. The City and the directors of five of its departments filed a complaint in mandamus which averred that, as this contract was duly authorized pursuant to Councilmanic action and funds sufficient to cover the costs of the contract were appropriated by City Council, Flaherty was duty-bound to countersign the contract. The common pleas court granted the City's motion for entry of peremptory judgment in mandamus against Flaherty.[1]

Mandamus is an extraordinary remedy which only lies to compel performance of a purely *ministerial* act or mandatory duty on the part of a public officer. *Edwards Engineering Corp. v. Davies,* 80 Pa. Commonwealth Ct. 47, 471 A.2d 119 (1984). A ministerial act is defined

---

[1] Flaherty appeals the August 13, 1985 order granting this motion. We quash this appeal. An order granting a motion for peremptory judgment is interlocutory and unappealable because Pa. R.C.P. No. 1098 requires a party to proceed in the trial court by way of filing a petition for opening of judgment before an appeal may be taken. *Hamby v. Stoe,* 448 Pa. 483, 295 A.2d 309 (1972). An appeal only lies from the August 21, 1985 order denying Flaherty's petition for opening of judgment.

as "one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed." 17 McQuillen, *Municipal· Corporations* §51.19 (3rd ed. 1982).

Flaherty contends that, as Controller, he has the discretionary authority to refuse to countersign an otherwise duly executed contract, and therefore may not be compelled in mandamus to countersign. We disagree.

A controller is not intrusted with the duty of supervising other department's contracts, but is only to determine whether a department has exceeded its funding limit or diverted funds for a purpose not within the scope of its spending authority. *Berks County Institution District v. Schoener,* 383 Pa. 210, 117 A.2d 740 (1955).

Flaherty contends that his discretion to refuse to countersign the contract emanates from Section 161.09 of the Pittsburgh Code (Code) and Sections 404(f)-(i)—407 of the Pittsburgh Home Rule Charter (Charter).[2] Upon review of these provisions, we do not find in

---

[2] The Pittsburgh Home Rule Charter provides:
404. POWERS AND DUTIES
The Controller shall have the following powers and duties:

. . . .

(f) To keep seperate [sic] accounts for each item or appropriation for Council and each unit of government and require all warrants to state specifically against which item the warrent [sic] is drawn;

(g) To accompany each account by a statement in detail of each appropriation, the amount drawn on each appropriation, the unpaid contracts charged against it and the balance outstanding;

(h) To make certain that no appropriation is overdrawn and that no appropriation for one item is used for

them any indication that the Controller may exercise *discretionary* judgment in examining these contracts.[3] These provisions simply obligate the Controller to see that the necessary appropriations are authorized and

any other purpose or by any unit of government other than that authorized;

(i) To make certain that sufficient funds from which the warrant is payable are actually on hand; and

. . . .

405. NOTICE OF DISAPPROVAL

No warrant shall be paid unless approved by the Controller. If any warrant presented to the Controller is disapproved for any reason for [sic] the Controller shall notify the appropriate official.

406. LIABILITY

The Controller and all sureties shall be jointly and severally liable if a warrant is approved contrary to law, this Charter, ordinance or resolution.

407. EXAMINATION OF CLAIMS

The Controller may require evidence that the amount of a claim is justly due and for that purpose may summon any officer, agent or employee of any unit of government or any other person and examine them under oath or affirmation.

Section 161.09 of the Pittsburgh Code provides:

161.09 EXECUTING CONTRACTS EXCEEDING THE COUNCILMANIC AMOUNT; COUNTERSIGNATURE AND ACCOUNTS.

Contracts involving an amount in excess of the Councilmanic amount shall be in writing and shall be executed in the name of the City by the director of the appropriate department and by the Director of the Department of Supplies. Such contracts shall be approved as to form by the City Solicitor and shall contain a certified copy of the authorizing ordinance or resolution or a reference to the number and approval date thereof. Such contracts shall be countersigned by the City Controller who shall designate thereon the account to which each such contract is charged, and shall number the contract in the order of its date. No such contract shall be payable from any other account than that designated thereon, nor shall any such contract become effective until such countersigning and account designation have been accomplished.

available and do not exceed the scope of the Council's intent. Since these requirements have been fulfilled, Flaherty must perform the ministerial duty of counter-signing the contract. *See Broadway Maintenance Corp. v. Hemphill,* 408 Pa. 271, 182 A.2d 914 (1962). These provisions do not reveal any authority for the Controller to utilize his judgment concerning the propriety of the act to be performed.

Therefore, we hold that the common pleas court did not err in directing Flaherty to countersign the contract.

Affirmed.

### ORDER

The appeal from the Allegheny County Common Pleas Court order, No. GD85-12952 dated August 13, 1985, is quashed. The Allegheny County Common Pleas Court order, No. GD85-12952 dated August 21, 1985, is affirmed.

---

[3] Flaherty concedes that Section 161.09 of the Code does not confer upon the Controller any discretion regarding his counter-signature on contracts that are otherwise duly executed. However, he argues that Sections 405-407 of the Charter compel the conclusion that the Controller has the discretion to refuse to countersign contracts. We disagree. There is no indication that Sections 405-407 of the Charter, which deal with *warrants,* are applicable to the instant situation involving countersignatures. We find meritless Flaherty's assertion that he has discretion to refuse to countersign this contract because he claims that he possesses evidence that would justify his disapproval of payment on future warrants issuing from the contract. *See Commonwealth ex rel. Welsbach Street Lighting Co. v. Larkin,* 216 Pa. 128, 64 A.2d 908 (1906).