**Samuel J. REICH, Plaintiff,**

v.

**Patricia BEHARRY, an individual and the County of Washington, Defendants.**

**Civ. A. No. 88–588.**

United States District Court, W.D. Pennsylvania.

June 24, 1988.

Deborah S. Miskovich, Hess Reich Georgiades Ray & Homyak, Pittsburgh, Pa., for plaintiff.

Katherine Bass Emery, Asst. County Sol., Washington, Pa., for Washington County.

Robert F. Wagner, Christine A. Ward, Dickie McCamey & Chilcote, Pittsburgh, Pa., for Patricia Beharry.

## OPINION

GERALD J. WEBER, District Judge.

Defendant Beharry has filed a Motion to Dismiss challenging the efficacy of plaintiff's Section 1983 claim. The parties have submitted briefs and this matter is now ripe for disposition.

### FACTS

Plaintiff is an attorney who was hired by Washington County to serve as a special prosecutor in the criminal prosecution of the County Controller, defendant Beharry, for alleged improprieties concerning a campaign contribution. Plaintiff performed his duties under this appointment and carried the case to a jury trial where defendant Beharry was acquitted.

Over time plaintiff has submitted several bills to the County for his services as special prosecutor. Although these bills were approved for payment by County officials, defendant Beharry as County Controller has consistently refused to issue payment to plaintiff.

Plaintiff instituted this action against the County and Beharry. Plaintiff asserts in Count I that defendants have deprived him of a property interest without due process in violation of 42 U.S.C. § 1983. In Counts II and III plaintiff asserts pendent claims for breach of contract and unjust enrichment against the *County only.*

The County filed an Answer which admits virtually all the salient facts. Defend-

ant Beharry has filed a Motion to Dismiss on various grounds, including the argument that adequate post-deprivation state remedies are available. After consideration of the motion and briefs, we conclude that under *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), plaintiff must proceed with the available state remedies and this action will be dismissed.

## DISCUSSION

Under *Parratt v. Taylor*, where pre-deprivation process is impractical and adequate post-deprivation remedies are available, plaintiff is relegated to the available state remedies. In the present case defendant Beharry contends that the appropriate remedy is in a mandamus action.

In his brief plaintiff sets forth all the elements of a classic mandamus action, complete with strong supporting citations. Plaintiff alleges that he was properly hired and his salary was set by the County Salary Board, of which Beharry is a member, in accord with statutory requirements. Plaintiff alleges that these actions were subsequently affirmed by the state court in a suit instituted by Beharry. Plaintiff claims that Beharry as Controller had no discretionary authority to refuse payment to plaintiff, particularly in light of the state court litigation, and the issuance of payment on a duly executed contract is mandatory and merely ministerial.

Plaintiff cites *Flaherty v. City of Pittsburgh*, 100 Pa.Commw. 508, 515 A.2d 91 (1986) which very strongly supports our conclusion that this may be better characterized as a mandamus action, although that case did involve the Pittsburgh Home Rule Charter and not the statutory provisions for a County controller. That court stated:

A controller is not intrusted with the duty of supervising other department's contracts, but is only to determine whether a department has exceeded its funding limit or diverted funds for a purpose not within the scope of its spending authority....

...Upon review of these provisions [of the Home Rule Charter], we do not find in them any indication that the controller may exercise *discretionary* judgment in examining these contracts. These provisions simply obligate the controller to see that the necessary appropriations are authorized and available and do not exceed the scope of the Council's intent. Since these requirements have been fulfilled, Flaherty must perform the ministerial duty of countersigning the contract. These provisions do not reveal any authority for the Controller to utilize his judgment concerning the propriety of the act to be performed. (Emphasis in original) (footnote and citations omitted).

*Id.*, 515 A.2d at 92–93. That court rejected the Controller's claim that he had discretion to refuse payment where he believed bid-rigging had occurred. If, as plaintiff alleges, defendant Beharry was without discretion to refuse payment, it would appear that a mandamus action would lie.

As for the practicality of pre-deprivation process it is clear from the allegations of the Complaint that such process would have been unavailing. From the first to the last, and despite Salary Board action and the state court litigation, defendant Beharry has refused to make payment. Furthermore, if Beharry is without discretionary authority, a hearing before the Controller would be irrelevant.

Therefore we conclude that there is a viable state court remedy available to plaintiff and plaintiff must pursue that avenue for relief. We note that while Beharry contends that mandamus is the appropriate action to compel a ministerial act, Beharry claims to have had discretionary authority to withhold payment, which if true would defeat a mandamus action. Therefore the present action will be dismissed without prejudice and in the event that the state court concludes that mandamus does not apply, plaintiff may petition to re-open this claim.

The County has filed an Answer and has not joined in Beharry's Motion to Dismiss. However, the parties cannot confer jurisdiction where it does not exist. Therefore we must examine plaintiff's claims against

the County to determine if *Parratt* requires their dismissal.

In addition to the due process claim against the County, plaintiff asserts pendent state claims for breach of contract and unjust enrichment. These are clearly adequate post-deprivation remedies which are available to plaintiff. In fact, the County has admitted all the pertinent facts and may be subject to summary judgment on these state claims. Because plaintiff has adequate state remedies available he has no due process claim against the County and therefore the action against the County must be dismissed as well.

An appropriate order will follow.

### ORDER

AND NOW, in accord with the accompanying Opinion, it is hereby ORDERED that the above-captioned action is DISMISSED without prejudice. In the event that it is determined that mandamus does not apply, plaintiff may petition to re-open this action.

The Clerk is DIRECTED to mark the matter CLOSED.