# Johnson, Appellant, v. State Board of Veterinary Medical Examiners.

*Veterinarians—Registration—Act of April 11, 1889, P. L. 28—Mandamus.*

1. Where a person, who had no collegiate training, nor degree of veterinary surgeon or analogous title, applied in 1905 for registration as a veterinary surgeon, he was bound to show that for the five years preceding the passage of the Act of April 11, 1889, P. L. 28, he had continuously used the title of veterinary surgeon or analogous title, and had in good faith held himself out to the world as qualified to render surgical and medical treatment to domestic animals. If he does not show this by affidavit as required by the act, he cannot compel the State Board of Veterinary Medical Examiners to register him.

*Mandamus—Public officers—Discretion—When writ will be refused.*

2. The writ of mandamus is but a command to exercise a power already possessed, or to perform a duty already imposed by a statute, and where the duty to be performed is judicial or involves the exercise of discretion, mandamus will lie to compel the official to act in the premises and exercise his judgment and discretion, but will not direct how the duty shall be performed or the discretion exercised. If, however, such judgment or discretion is abused, or there is a mistaken view of the law as applied to the admitted facts of the case, the writ will issue to compel action according to law.

Argued Dec. 19, 1910. Appeal, No. 85, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1906, No. 2,174, for defendant non obstante veredicto in case of John Jones Johnson v. State Board of Veterinary Medical Examiners et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for mandamus. Before MARTIN, P. J.

At the trial the jury returned a verdict for plaintiff. Subsequently the court entered judgment for defendant non obstante veredicto, STAAKE, J., filing the following opinion:

There is no evidence that the state board practiced any

arbitrary exercise of authority in refusing to register the plaintiff, or that the reasons which controlled the board in refusing to register him were "unsubstantial." The record does not affirmatively establish that the witnesses heard at the trial of the cause were the same witnesses or the testimony given by them was the same testimony heard by the state board. We are of opinion that the same witnesses and, so far as possible, the same testimony should have been submitted to the jury. There is no error in the charge of the learned trial judge, who clearly stated the only question for the jury to determine was: "Has the state board acted in good faith?" The question being "not what the witnesses testified here, but whether Johnson proved by witnesses before the board by proper and competent evidence to the satisfaction of the board, that he was entitled to register—that he had assumed the title of veterinary surgeon or analogous title for five years before April 11, 1889. Under the law he was required to prove that fact to the satisfaction of the board."

For five years before April 11, 1889, that is, from April 11, 1884, means during that entire period of five years and not during a fractional part of the period of five years. The plaintiff himself testified that in 1879 he "started a little milk business to help" him "out," and being asked, "How long were you in the milk business?" answered, "I was in the milk business from 1879 to 1890." From 1879 to 1890 covered from 1884 to 1889, the period during which the plaintiff claimed he had assumed the title of veterinary surgeon or analogous title without being entitled to the degree of veterinary surgeon or analogous title. The application of the plaintiff to the board for registration is to secure the right to continue to use a title he had assumed during the period from April, 1884, to April, 1889. If he has an alleged property right in the title of "Doctor Johnson" or of "Jonesy Johnson, the horse doctor," during that period, the constitutionality of the law, which seeks to deprive him of such property right, must be raised in the proceeding under or through which

any lawful or alleged authority seeks to interfere with or deprive him of the exercise and enjoyment of that right.

The petitioner, so far as the present proceeding is concerned, is the mover. Having the right since April 11, 1889, to have record evidence of his alleged right by registry in the prothonotary's office, and later by registry with and certificate from the state board, he takes no action until November 24, 1905, to secure such record evidence, when he files an imperfect petition with the state board, followed by a second petition on December 28, 1905, his right to apply terminating January 1, 1906.

It is the plaintiff who sets in motion the proceeding under the Act of April 18, 1905, P. L. 209, under the requirements of which he must evidence:

1. That he had assumed the title of veterinary surgeon or analogous title and had been engaged in the practice of veterinary medicine and surgery prior to the passage of the Acts approved April 11, 1889, P. L. 28, and April 29, 1891, P. L. 36.

2. That under the provisions of these acts he was entitled as such practitioner to register in the office of the prothonotary of the county in which he then resided.

3. That he had failed to register within the time provided by said acts.

4. That by "proper and competent evidence he could" prove to the satisfaction of the state board that he was entitled to be registered as a practitioner under the provisions of said acts of assembly of April 11, 1889, and April 29, 1891.

It is only when the state board so finds, that the applicant is entitled to register with the state board and thereafter to renew his registration in accordance with the provisions of the act.

If the applicant possessed the property in his profession since 1872, why does he require this registry and certificate from the state board? He has all he had prior to April 11, 1889, but he in November, 1905, asked for something more and asked the state board to give him that some-

thing in the shape of the now coveted registry and certificate.   There was no evidence submitted to the jury that the plaintiff had ever been engaged in the practice of "veterinary . . . . surgery," although the act reads: "Any person who had assumed the title of veterinary surgeon or analogous title and who had been engaged in the practice of veterinary medicine and surgery."   If the act of April 18, 1905, is unconstitutional because it requires one who seeks its benefits "by proper and competent evidence to prove to the satisfaction of the state board" that he is entitled to them, the plaintiff is surely not entitled to such benefits.   If it or any act authorizes an interference with the plaintiff's assumption since 1872 of the title of "veterinary surgeon or analogous title," which title he rightfully assumed and still assumes, the question of the unconstitutionality of such act must be determined in some other procedure.

There is no evidence to warrant or support the verdict that the members of the state board acted from mere caprice, arbitrarily and for reasons which were unsubstantial and unjustifiable in refusing to grant the registry to the plaintiff.   The motion for judgment non obstante veredicto should be granted.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Wm. B. S. Ferguson*, for appellant.—The evidence is sufficient to sustain the verdict of the jury: Singerly v. Thayer, 108 Pa. 291; Krum v. Mersher, 116 Pa. 17; Seeley v. Welles, 120 Pa. 69; Sidney School Furniture Co. v. School District, 130 Pa. 76; Stutz v. Coal & Coke Co., 131 Pa. 267; Howard v. Smedley, 140 Pa. 81; Waymart Water Co. v. Waymart Borough, 4 Pa. Superior Ct. 211; Delahunty Dyeing Machine Co. v. Knitting Mills, 19 Pa. Superior Ct. 501; Meacham v. Gardner, 27 Pa. Superior Ct. 296.

The very nature of the fact which plaintiff was obliged to prove to the jury, under the view of the case taken by the trial judge, to wit, that the board did not act in good

faith, is not capable of any more accurate proof than has been produced in this case: Fay v. Lester Piano Co., 39 Pa. Superior Ct. 87.

The act of 1905, in so far as it vests any discretion in the defendant board, is unconstitutional, and should be so held in this proceeding.

*Ruby R. Vale,* for appellee.—Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the discretion resulting from the exercise of such discretion though, in fact, the decision may have been wrong: Kell v. Rudy, 1 Pa. Superior Ct. 507; Douglas v. McLean, 25 Pa Superior Ct. 9; Com. v. Philadelphia, 211 Pa. 85.

It is submitted that an examination of the evidence will disclose that there is absolutely nothing from the beginning to the end of the notes of testimony in this case which would warrant a finding of unfairness in the refusal of the appellee board to register the appellant or that he had ever assumed the title of "veterinary surgeon or analogous title," and that he had ever practiced veterinary surgery for five years prior to the act of 1889.

OPINION BY ORLADY, J., March 3, 1911:

The plaintiff presented his petition to the court of common pleas for an alternative mandamus, to compel the State Board of Veterinary Medical Examiners to register him as a person duly qualified to conduct the practice of the science of veterinary medicine and surgery, in this commonwealth, and to issue to him the proper certificate, etc. The defendant filed an answer setting forth certain facts, which the plaintiff traversed, and the issue of facts so raised was tried before a jury, resulting in a verdict in favor of the plaintiff, which was subsequently set aside, and a judgment non obstante veredicto was entered in favor of the defendant.

The first legislative attempt in this state to regulate the practice of veterinary medicine and surgery is found in the Act of April 11, 1889, P. L. 28. The purpose of the act was to reduce to a scientific method, under legislative control, the care and treatment of domestic animals, and to prevent charlatans from practicing their impostures on the credulous public. Preparatory study and training were provided for, and the skill and proficiency of the veterinarian was to be evidenced by a diploma of graduation from legally chartered institutions, and registration on our public records.

To avoid doing injustice to those who had been practicing a bona fide calling, but who were without collegiate training, the second section of the act provided, that any person who had assumed the title of veterinary surgeon or analogous title, for the five years preceding the passage of that act, without being entitled to the degree of veterinary surgeon or analogous title, was authorized to continue the use of that title, but to do this it was imposed as a duty on such person, that he should make an affidavit to that fact and be recorded as an existing practitioner.

The requirements of the act are not ambiguous, and the limit of time within which persons of the plaintiff's class could avail themselves of the terms of the proviso was extended, by Acts of April 29, 1891, P. L. 36, May 16, 1895, P. L. 79, and April 18, 1905, P. L. 209, until January 1, 1906. This plaintiff did not take advantage of any of the earlier statutes, and did not apply for registration until November, 1905, when he was rejected, and in December following he filed another application which the state board again refused. While he was within the statutory time for filing his petition, the authority of the board was enlarged by the terms of the act of April 18, 1905, which he now invokes as his statutory authority for being registered, and he must submit to the tests therein required. In determining his rights we must look to the act of 1889, as the provision in regard to "for the five years preceding the passage of this Act" (1889) is

carried through all the subsequent enactments, and it is as mandatory now as when that statute was passed. He must show that he assumed the title for five years prior to April 11, 1889, not intermittently but continuously, in good faith, as a practitioner of the science of veterinary medicine and surgery.

The legal principles controlling such cases are clearly defined and have been frequently declared by the courts. The writ of mandamus is but a command to exercise a power already possessed, or to perform a duty already imposed by a statute, and where the duty to be performed is judicial or involves the exercise of discretion, mandamus will lie to compel the official to act in the premises and exercise his judgment and discretion, but will not direct how the duty shall be performed or the discretion exercised. If, however, such judgment or discretion is abused, or there is a mistaken view of the law as applied to the admitted facts of the case, the writ will issue to compel action according to law: Runkle v. Commonwealth, 97 Pa. 328; Kell v. Rudy, 1 Pa. Superior Ct. 507; Douglas v. McLean, 25 Pa. Superior Ct. 9; Com. v. Philadelphia, 211 Pa. 85.

The good faith of the board in refusing to register the appellant is to be ascertained by the record and the testimony adduced before it when it determined the question, and not from the testimony taken at a subsequent trial of an issue in court.

The terms veterinary surgeon or analogous title as used in the several statutes, were not intended to embrace quacks, grooms, farriers or others of pretended skill in the mere care of domestic animals, but only persons of such proficiency and experience, who in good faith held themselves out to the world as qualified to render surgical and medical treatment to domestic animals, and the legislative requirement that this professional occupation should be "for the five years preceding the passage of this Act" (1889) was as important as any other. No other time of actual or pretended service could be substituted,

nor could any fractional part of the required five years be added to other years.

An examination of the testimony submitted to the board when it refused to register the plaintiff does not satisfy us that it acted from mere caprice, arbitrarily or for unsubstantial or unjustifiable reasons, but fairly shows that the petition was refused because the appellant did not then show by proper and competent evidence, that he had assumed the required title, and had been continuously engaged in the practice of veterinary medicine and surgery for the five years preceding April 11, 1889, as required by the several statutes relating thereto.

The judgment is affirmed.