# Nicely *v.* Raker, Appellant.

*Public officers—County records—Common Pleas Courts—Power to provide for proper keeping of records—County controller—Discretion—Duty to pay bills—Act of May 26, 1891, P. L. 129—Mandamus.*

1. The discretion vested in a county controller is not an arbitrary but a legal one, and when he refuses to act, it must be made to appear that the case was within his discretion, and that it was exercised in obedience to law.  On this subject the courts are the final authority, and their jurisdiction cannot be ousted by simply asserting the matter was within the controller's discretion.

2. Under the Act of May 26, 1891, P. L. 129, the Courts of Common Pleas have the sole power of changing or altering the mode of preparing and keeping indexes in the several offices of record in each county, and, whenever it shall appear advisable, to direct new indexes to be prepared and made, and it then becomes the duty of the proper officers of the county to cause the indexes to be so prepared and made by some competent person, appointed for the purpose, the cost to be paid out of the county funds.

3. The Court of Common Pleas of Northumberland County, under the provisions of the Act of May 26, 1891, P. L. 129, entered a decree directing that a change in the method of indexing records

should be made in the office of the recorder of deeds of that county, and that a new system should be prepared, at the expense of the county, authorizing the recorder to make a contract with a suitable person to do the work at a price not to exceed a certain sum and directing the commissioners of the county to carry the same into effect, by drawing warrants on the treasurer for payment for the work. The recorder of deeds appointed plaintiff, who was his son, to do the work, and entered into a contract with him at the maximum rate provided. Plaintiff entered upon the work and subsequently presented the certificate of the recorder to the controller, showing the performance of the work, entitling him to a certain payment. The controller refused to approve the payment, and a mandamus was issued to compel him to do so, which he did "under protest." Subsequently, plaintiff presented a second certificate, showing a further payment due him, which defendant, the county controller, likewise refused to approve, stating that he had inquired of plaintiff as to the number of days spent in the work, the names of his employees, and the compensation paid them, all of which plaintiff had refused to answer, and that, after consideration, he was of the opinion that the bill exceeded the cost of performing the work. Plaintiff thereupon filed a petition for a mandamus, to compel such approval. *Held,* the lower court did not err in awarding the relief prayed for.

Argued May 12, 1915. Appeal, No. 179, January T., 1915, by respondent, from judgment of C. P. Northumberland Co., May T., 1915, No. 328, awarding mandamus, in case of Woods M. Nicely v. Aaron Raker, Controller of Northumberland County. Before Brown, C. J., Mestrezat, Elkin, Moschzisker and Frazer, JJ. Affirmed.

Petition for mandamus.

Demurrer to return to writ of alternative mandamus. Before Cummings, P. J.

The opinion of the Supreme Court states the facts.

The court sustained the demurrer and entered judgment for plaintiff. Defendant appealed.

*Error assigned* was in awarding the mandamus.

*Voris Auten,* with him *D. W. Shipman* and *John W. Timmes,* for appellant.

*J. Fred Schaffer,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 3, 1915:

The Court of Common Pleas of Northumberland County under the provisions of the Act of May 26, 1891, P. L. 129, 4 Purd. 4064, entered a decree authorizing and directing a change in the mode of indexing deeds in the recorder's office of that county, by making and preparing a new system of indexes in accordance with a new and modern plan, directing necessary material, supplies and books to be purchased, at the expense of the county, on the order of the recorder of deeds, and authorizing and empowering that officer "to enter into a contract with a suitable and competent person, or persons, at a price not to exceed five and one-half cents for each grantor's...... or grantee's name," and, "for the purpose of providing the funds for carrying out this order, the following plan be approved and the commissioners of said county are directed to carry the same into effect, to wit, the commissioners are to draw warrants on the treasurer as the work progresses for sums not to exceed forty per cent. of the contract price for the number of grantor and grantee names certified by said recorder of deeds to have been copied on slips containing all required information, and the same correctly compared and checked in the manner prescribed herein; and the sum not to exceed forty per cent. of the contract price on the certificate of the said recorder that a certain number of names stated in the certificates have been copied from the slips and typewritten on the sheets and properly compared and checked in the manner prescribed herein, and the final twenty per cent. on the contract price when the entire work is completed and approved and certified to by the said recorder, as being correct and ready for public use."

Pursuant to this decree the recorder of deeds ap-

pointed his son, the plaintiff in this case, to do the work in accordance with the mode directed by the court, and entered into a formal contract with him providing for compensation, at the rate of five and one-half cents for each name indexed, payments to be made in accordance with the decree of the court.   Plaintiff entered upon the work and subsequently presented a certificate of the recorder to the controller, showing performance of work entitling him to a payment of $2,816.   (See next case.) Defendant refused to approve the payment, whereupon upon petition of plaintiff, an alternative writ of mandamus was issued and on return thereto, a demurrer was filed by plaintiff, which was sustained by the court, and a peremptory writ issued, directing defendant to approve the bill.   This he did "under protest."

Subsequently plaintiff presented a second certificate showing the further amount of $5,315.20 due him under the terms of the contract for indexing, done to that time; defendant refused to approve the certificate, and plaintiff again presented a petition for a mandamus to compel such approval.   The writ was awarded and from that order defendant took this appeal.

When the second certificate was presented for approval, defendant called upon plaintiff to testify under oath, as to the correctness of the items therein set out. In refusing approval, defendant stated he inquired of plaintiff as to the number of days spent in the work, names of employees and compensation paid them, all of which questions plaintiff refused to answer, and that, after considering the length of time and the number of persons employed in the work and allowing liberal compensation to plaintiff and his employees, he was of opinion the bill exceeds the cost of performing the work and for this reason approval was withheld.   Defendant's action in substance was a disapproval of the method adopted by the court for performing the work, his contention being, that the court was without authority to direct a reindexing of the records by contract.

The Act of 1891 vests in the court the sole power of changing or altering the mode of preparing and keeping the indexes in the several offices of record, in each county, and, whenever "it shall appear advisable" to direct new indexes to be prepared and made. When such order is made by the court the act further provides it shall be the duty of the proper officers of the county to cause the indexes to be prepared and made by some competent person or persons appointed by them respectively; the cost to be paid out of the county funds by orders drawn on the treasurer of the county by the officer making the appointment and having charge of the records. While the act is silent with respect to the power of the court to fix the price at which the work shall be done, this power would seem to be implied from the fact that the entire matter is within its regulation and control. At all events, the fixing of a maximum price as was done in this case, may be considered as merely a precautionary measure and additional safeguard adopted by the court, to prevent the letting of the contract at an exorbitant figure. The discretion of the proper officer was not otherwise interfered with, and, as a contract was in fact entered into by the recorder at a price which did not exceed the maximum figure set by the court, even if the court exceeded its authority,—we do not however say it did,—its action could not possibly have injured the public, and defendant, whose duty it is to safeguard the public purse should not object to such precautionary measure. Defendant has shown no valid excuse for withholding his approval of the recorder's certificate. As above stated, the whole matter was within the control and direction of the court to be exercised in accordance with the provisions of the act of assembly. The duties of the controller were purely ministerial. The contract was made pursuant to the order of court and by the proper officer and the controller had no discretionary power in the matter. It is contended the word "cost" as used in the act, means actual cost without an allowance for a contractor's profit.

This view would read into the act an intent manifestly not contemplated by the legislature, and result in preventing the making of contracts for work of this class. While it is true the person who undertakes the installing of a new indexing system at a fixed price, naturally figures on a fair compensation for his personal services in supervising the work, such supervision is necessary, and, if the work be not let on contract, supervision by separate agreement, with a competent individual, must necessarily follow, which method would in all probability prove even more expensive than letting the work to a contractor upon whom can be fixed the responsibility for the entire undertaking. The performance of public work by contract is not only the method usually adopted for carrying on such work but the most satisfactory, and in the absence of express provision in the statute to the contrary, it will be presumed the legislature did not intend to forbid such procedure. The reason given by defendant for withholding his approval to the certificate, in effect places his individual judgment above that of the court and the officer upon whom the duty of procuring the work done, is expressly placed by the legislature. Even if it be admitted defendant has discretionary power in the approval of certificates for indexing done pursuant to the Act of 1891, this discretion is but a legal one and if mistaken in his view of the law, mandamus will lie to compel him to act according to the provisions of the statute, without requiring plaintiff to resort to other proceedings for redress. Our appellate courts have frequently held that the discretion vested in the county controller is not an arbitrary but a legal one, and when he refuses to act, it must be made to appear that the case was within his discretion and that it was exercised in obedience to law. On this subject the courts are the final authority and their jurisdiction cannot be ousted by simply asserting the matter was within the controller's discretion: Commonwealth v. George, 148 Pa. 463; Commonwealth v. Philadelphia, 176 Pa. 588; Johnson v.

State Board of Veterinary Medical Examiners, 46 Pa. Superior Ct, 285. Defendant refused to approve the bill "For the reason that it does not show the actual cost of the work by having all items of actual cost set out specifically." We see nothing in the Act of 1891 which requires such itemized statement, nor do its provisions forbid the performance of the indexing of public records by contract, even though a reasonable profit to the contractor is included within its terms. The cost of the work in such case is the contract price.

There being no charge of fraud in letting the contract or that the consideration to be paid plaintiff is exorbitant, or that he is incompetent, and the work not properly done, the judgment of the court below is affirmed.