## Thomas v. Leidich et al.

*J. J. Gallagher* and *N. S. De Pierro*, for petitioner.
*C. W. Staudenmeier*, for respondents.

PALMER, J., January 6, 1936.—By an order of this court, dated November 25, 1935, a writ of alternative mandamus issued, directing Honorable Ray D. Leidich, Controller of Schuylkill County, to show cause why he should not audit and approve the order of Honorable Charles J. Margiotti fixing the compensation for services performed and expenses incurred by Albert L. Thomas, Esq., acting as special attorney representing the Commonwealth. The amount of the order is $14,037.67. The order of the court was based upon the petition of Albert L. Thomas, Esq., containing 14 paragraphs. The controller filed an answer to the petition, to which the petitioner demurred.

The controller admits, in answer to the averments contained in the petition at bar, that on November 14, 1934, the Honorable Roy P. Hicks, President Judge of the Courts of Oyer and Terminer, General Jail Delivery and Quarter Sessions of the Twenty-first Judicial District of Pennsylvania, Schulkill County, requested in writing the

Honorable William A. Schnader, Attorney General of the Commonwealth, to appoint a special attorney or attorneys to represent the Commonwealth in the several cases of Commonwealth v. Joseph J. Bruno et al., charged with the murder of five men in the County of Schuylkill; that, pursuant to the request, the Attorney General appointed the petitioner as special attorney to represent the Commonwealth in the proceedings; that the petitioner, upon his appointment, subscribed to the oath prescribed by law; that he performed certain services, the nature of which are particularly set forth in the petition; and that the Honorable Charles J. Margiotti, Attorney General of the Commonwealth, by an order, fixed the compensation of the petitioner for the services rendered and expenses incident thereto at $14,073.67, calculating the same from the date of his appointment up to and including July 2, 1935. The controller further admits that a bill for the amount named was in due course regularly presented to the Commissioners of Schuylkill County and himself for approval; that it is his duty to audit the statement of fees and expenses as approved by the Attorney General. He denies that it is his duty to approve the same and to transmit or cause to be transmitted the order of the Attorney General directing payment by the county commissioners, so that a warrant or voucher can be drawn upon the County Treasurer of Schuylkill County, until he is satisfied as to the correctness of the same and that the fees as fixed are reasonable, commensurate with fees paid for similar services rendered in similar cases and not exorbitant. He further avers in his answer that the expense items in said bill or order were not itemized, that the bill for services was bulked, and that he is unable to ascertain whether the sum total for services and expenses were correct or not, and hence unable to make a proper audit of same. He further answers that the fees fixed in the instant case are exorbitant and in an amount which clearly indicates an abuse of discretion on the part of the Attorney General.

The appointment of Albert L. Thomas, Esq., as special attorney in this case was made under the authority of section 907, of the Act of April 9, 1929, P. L. 177, which provides:

"When the president judge, in the district having jurisdiction of any criminal proceedings, before any court of oyer and terminer, general jail delivery, or quarter sessions, in this Commonwealth, shall request the Attorney General to do so, in writing, setting forth that, in his judgment, the case is a proper one for the Commonwealth's intervention, the Attorney General is hereby authorized and empowered to retain and employ a special attorney or attorneys, as he may deem necessary, properly to represent the Commonwealth in such proceedings, and to investigate charges, and prosecute the alleged offenders against the law. Any attorney, so retained and employed, shall supersede the district attorney of the county in which the case or cases may arise, and shall investigate, prepare, and bring to trial the case or cases to which he may be assigned. He shall take the oath of office required by law to be taken by district attorneys, and shall be clothed with all the powers and subject to all the liabilities imposed upon them by law. The compensation for services rendered, and necessary expenses incurred by such attorney or attorneys, shall be fixed by the Attorney General."

The questions arising from the pleadings in the case at bar are three in number, to wit: (1) Has the county controller the legal right to satisfy himself of the correctness of the bill and expenses of a special attorney appointed under the authority of the Act of 1929, supra, which bill and expenses have been fixed by the Attorney General as the amount to be paid the special attorney, before approving the said bill? (2) Has the county controller the legal right to require such bill and expenses to be itemized before he approves the bill? (3) Has he the legal right to determine whether the amount of the fee fixed by the Attorney General is exorbitant

In answering the first question, our attention is directed to section 349 of the Act of May 2, 1929, P. L. 1278, art. 4, wherein it is provided that all persons having claims against the county shall first present the same to the controller, and, if required, such persons shall make oath or affirmation before him as to the correctness thereof. Unquestionably he had the legal right to require the petitioner in this case to make oath as to the correctness of the bill, but he did not require an oath from this petitioner, and he had no other duty to discharge in relation to the question of its correctness. The act prescribes the manner by which the correctness of the bill presented is determined, so far as the controller's duties go. It follows that he cannot withhold his approval on this ground.

We can find no authority giving the controller the right to require an itemized bill before approving the same, because we can see nothing in the Act of 1929, supra, which requires an itemized statement to be made to him. In Nicely v. Raker, 250 Pa. 386, where one had performed indexing work in the recorder's office by contract with the county commissioners, one of the reasons advanced by the controller for not approving the bill was that the bill did not show the actual cost of the work by having all items of actual cost set up specifically, and the Supreme Court held that unless the act under which the contract was made required an itemized statement none was required.

In answer to the third question raised, as to his right to determine whether the fee is exorbitant, it implies that if he so finds he may legally refuse to approve the bill. If so, he could in effect nullify the power of the president. judge to request the Attorney General to appoint a special attorney, nullify the action of the Attorney General upon the request, nullify the power of the Attorney General to fix the amount of compensation and expenses incident to the service, and, thereby, nullify the entire section of the act. Our Supreme Court has lately said, speaking through

Mr. Justice Schaffer in Thayer et al. v. McCaslin, Controller, 314 Pa. 553, 558:

"Where a statute has conferred upon certain officials the power to act with respect to a particular matter, the controller cannot nullify their acts by refusing to recognize a contract which they make. His duty in such circumstances is ministerial."

In Commonwealth, ex rel., v. Irvin, 110 Pa. Superior Ct. 387, the appointment of a special attorney had been confirmed by the Attorney General, to prosecute a number of cases in Montgomery County. The court, in speaking of the duties of the controller, said, on page 391:

"It has been uniformly held that it is the duty of the controller to see that the bill he is asked to pay has been lawfully contracted, that the full statutory procedure has been followed, that the services for which the bill is presented have been rendered and that, where necessary, an appropriation has been made to pay it."

In the case at bar, the controller does not question the lawfulness of the contract which arose when the petitioner accepted the appointment and performed his duties thereunder, or that the full statutory procedure has been followed, or that the services for which the bill is presented have been rendered, or that, if necessary, an appropriation had been made to pay it. Therefore, having no other duty, his duty to approve it is purely ministerial.

The controller "is not intrusted with the duty of making, or even of supervising the contracts of other departments": Commonwealth, ex rel., v. Philadelphia et al., 176 Pa. 588, 592.

"If the contract be on its face regular, and the requirements of the statutes in connection therewith have been fully met, the controller is without choice in the matter": Commonwealth, ex rel., v. Larkin, 216 Pa. 128, 129.

The legislature, in the Act of 1929, expressly authorizes the Attorney General to fix the fees and expenses, and the controller has no right, even if he so desires, to place his individual judgment above that of the Attorney Gen-

eral. Hence we must decide against the right of the controller to determine whether the amount ordered to be paid by the Attorney General is exorbitant.

In our order of November 25, 1935, the writ of alternative mandamus also issued upon the Commissioner of Schuylkill County, directing them to show cause why, upon receipt of the said bill properly audited by the controller, a warrant should not be drawn by them upon the county treasurer in the sum of $14,073.67, to the order of Albert L. Thomas, and submitted to the county controller for counter-signature. No answer was filed by them. The officers named therein are now out of office, and we can not make them act officially when they are not officers. If their successors refuse to act in the premises we may issue a writ of peremptory mandamus.

As to the Controller of Schuylkill County, we make the following order: And now, January 6, 1936, judgment is entered for the plaintiff and a writ of peremptory mandamus is directed to issue forthwith commanding the Honorable Ray D. Leidich to approve the order of the Honorable Charles J. Margiotti fixing and approving the compensation and expenses of Albert L. Thomas, Esq., at $14,073.67, and thereafter to transmit the same to the County Commissioners of Schuylkill County, and to countersign the warrant to be drawn by the county commissioners upon the county treasurer, and to deliver the same unto Albert L. Thomas, the petitioner.