# Commonwealth, ex rel., *v.* Wertz, Appellant.

*Municipalities — Counties — Courthouses — Alteration and improvement—Discretion of county commissioners—Advertisement for bids by controller—Refusal—Mandamus.*

Where under the Acts of April 15, 1834, P. L. 537, and April 19, 1895, P. L. 38, two or more successive grand juries have recommended and approved alterations and additions to a county courthouse and the reports of such grand juries have been approved by the Court of Quarter Sessions and the plans and specifications for the proposed improvements submitted by the county commissioners to the judges of said court, have been approved by them, it is the duty of the county controller to advertise for bids for the work; he has no discretion to refuse to perform this duty on the ground that he does not approve the extent of the proposed changes, and in the absence of fraud, bad faith or of a disregard of public duty in connection with carrying out the improvements to the proper officials, he may be compelled by mandamus to perform this duty.

Argued Sept. 27, 1915.   Appeal, No. 226, Oct. T., 1915, by defendant, from final order of C. P. Cambria Co., Sept. T., 1915, No. 500, awarding peremptory mandamus, in case of Commonwealth of Pennsylvania, ex rel., Charles C. Greer, District Attorney of Cambria County, v. George M. Wertz, Controller of Cambria County. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCH- ZISKER and FRAZER, JJ.   Affirmed.

Petition for mandamus.   Before STEPHENS, P. J., and O'CONNOR, J.

The facts appear in the opinions of the court below and the Supreme Court.

STEPHENS, P. J., and O'CONNOR, J., filed the following opinion and order:

And now August 16, 1915, said petition read and carefully considered.

A number of grand juries of the county have, during a period of nearly three years past, recommended that the county commissioners cause alterations and additions to

be made to the present courthouse, to meet the requirements for the proper transaction of the business of the courts and of the various county officers; and it being known to us personally that there exists urgent need for extensive alterations and improvements, we approved each of the returns thus made by said grand juries.

We carefully examined the plans and specifications presented to us by the county commissioners, as prepared by the architect employed by them for that purpose, and, being satisfied that said plans and specifications fully meet the requirements in every particular, we approved them.

The county commissioners have not the discretion to decline to cause needed alterations and additions to be made, since the approbation of the grand jury and of the Court of Quarter Sessions has been given, but they have sole discretion as to the nature, extent and character of the alterations and additions to be made. From our intimate personal knowledge of the needs and requirements of the county in that behalf, as well as our personal knowledge of the plans and specifications adopted by the county commissioners, and upon which they propose to receive bids for a contract, we feel free to say that this discretion has been wisely and judiciously exercised. The county controller has no discretion to exercise in the premises; his duty is purely ministerial, and he has, in our opinion, failed to perform a public duty by refusing to advertise for proposals, when directed so to do by the county commissioners.

Therefore, the right to require the performance of the act being clear, and it being apparent that no valid excuses can be given for not performing it, we do

### DECREE

That a peremptory mandamus be and the same is hereby awarded, and directed to issue forthwith, against the said George M. Wertz, County Controller of the County

of Cambria, commanding and requiring him forthwith to publish, by due notice, advertisement for sealed bids or proposals upon the entire alterations and additions to the present courthouse building of the County of Cambria, and upon the north, south and east wings separately, according to plans and specifications on file in the office of the county commissioners of the County of Cambria, at Ebensburg, Pennsylvania, and in the office of J. Riley Gordon, Architect, No. 507 Fifth avenue, New York City.

The sheriff to make return of service of said mandamus on or before the twenty-first day of August, 1915.

MARLIN B. STEPHENS, <em>Pres. Judge.</em><br>
FRANCIS J. O'CONNOR, <em>Judge.</em>

Defendant appealed.

*Error assigned* was the order of the court.

*D. P. Weimer,* for appellant.

*William A. McGuire,* with him *M. D. Kittell* and *Philip N. Shettig,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, December 10, 1915:

This is an appeal from the order and decree of the court below granting a peremptory writ of mandamus on the relation of the district attorney of Cambria County commanding and requiring the controller of the county to advertise for sealed bids upon the alterations and additions proposed to be made to the present courthouse of the county, according to plans and specifications on file in the office of the county commissioners.    The facts sufficiently appear by the petition and exhibits thereto attached and the opinion of the court, and need not be repeated in detail here.    We all agree that the writ was properly granted, and that the decree should be affirmed.

The controlling question in the case is whether the

respondent as controller of the county, has the right, under the facts presented here, to refuse to advertise for bids for the proposed alterations and additions to the courthouse. He claims this right under Section 10, of the Act of June 27, 1895, P. L. 403, which provides that no contract involving an expenditure exceeding $100 shall be made by the commissioners nor the payment thereof be certified by the controller unless when made with the lowest and best bidder, after due notice to be published by the controller, when directed by the commissioners, "if he approves the purpose of the proposals invited." The reason for the controller's refusal to advertise for bids for the proposed improvements appear from the copy of his letter to the commissioners attached as an exhibit to relator's petition. He "recognizes the desirability of some alterations," but "fails to discover necessity for entering into" the large and costly improvements presented in the plans and specifications submitted by the architect of the commissioners. He vaguely insinuates some additional matters for declining to advertise for bids, but which, it is apparent, are not within his discretion.

The Act of April 15, 1834, P. L. 537, provides that it shall be lawful for the commissioners, having first obtained the approbation of two successive grand juries and of the Court of Quarter Sessions, to erect when occasion shall require the necessary buildings for the accommodation of the courts and of the several county officers. The act also imposes on the commissioners the duty to keep and maintain such buildings in suitable repair, and, having first obtained the approbation of the grand jury and of the court, it authorizes the commissioners to alter, add to, or enlarge such public buildings. The authority to determine when "occasion shall require" the erection of the buildings is vested by this act in two successive grand juries and the Court of Quarter Sessions, and after their approval the commissioners may proceed to erect the buildings: Appeal of Commrs.

of Northampton County, 57 Pa. 452. It was said in Mahon v. Luzerne County, 197 Pa. 1, 18, that under the Act of 1834 the occasion for the erection of a public building having been determined to exist "the mode of meeting it, the size, style, arrangement, costs and location of the building were left to the discretion of the commissioners." The control of the commissioners over these details is, however, by the Act of April 19, 1895, P. L. 38, now made subject to the supervision and approval of the court: Mahon v. Luzerne County, supra. When this approval has been obtained, the act provides that the commissioners shall let the work by contract which shall be subject to the approval of the judges of the court.

It will thus be seen that the act empowers the commissioners and imposes upon them the duty to erect the necessary buildings for the accommodation of the courts after obtaining the approbation of the grand jury and the court, and after the approval by the judges of the plans and specifications which the commissioners shall adopt and submit to the court. In the case in hand; not only two but ten successive grand juries recommended and approved the proposed alterations and additions to the courthouse, and in each instance the report of the grand jury was approved by the Court of Quarter Sessions. Plans and specifications for the proposed improvements were prepared by an architect and accepted by the commissioners who submitted them to both judges of the court who approved them. The statutes authorizing the commissioners to make the proposed alterations and additions have been complied with in every particular, and the commissioners have authority to proceed with the improvements, and desire to do so, but the controller, exercising the discretion he claims to be vested in him under the Act of 1895, refuses to advertise for bids on the sole ground that he does not "approve the purpose of the proposals invited" which is subject to his approval. We have pointed out above his objections to the improvement and that they are matters not within

his discretion. The "purpose of the proposals" in the matter in hand is the erection of the proposed alterations and additions to the courthouse which the statutes authorize and direct to be made, and the propriety and legality of the purpose cannot therefore be questioned. The plans and specifications, showing the details of the work, in the execution of the purpose were, as the statutes declare, for the consideration and approval of the commissioners and the court. In the absence of fraud, bad faith or a disregard of public duty in connection with carrying out the improvements by the proper officials, which is not shown to exist here, the discretion of the commissioners as to the details of the work, when not abused, cannot be interfered with. The controller's act does not confer the authority nor impose the duty claimed by the appellant. If it be so construed, it would transfer to the controller the authority and powers clearly granted to the grand jury, the court and the commissioners in the erection of public buildings without any indication in the title of the Act of 1895 of an intention to do so. We need not determine here the exact meaning of the word "purpose" in the act nor the extent of the controller's discretion which he may exercise under the act in other cases. It is clear, under the facts of the present case, that he was not justified in refusing to advertise for bids for making the alterations and additions to the Cambria County courthouse.

It is apparent from the facts disclosed by the record in the case that the respondent can have no valid excuse for not advertising for sealed bids for the improvements to the courthouse, as requested by the commissioners, and, therefore, the case is within the proviso to the 2d Section, of the Act of June 8, 1893, P. L. 345, and the learned judges of the court below did not err in awarding the peremptory writ in the first instance.

Decree affirmed.