## Purchase of Voting Machines

Schnader, Attorney General, January 8, 1932.—We have your request to be advised regarding your duty to purchase voting machines for and on behalf of the County of Philadelphia.

The facts as we understand them are as follows:

On November 5, 1929, the electors of the City and County of Philadelphia approved the use of voting machines therein and on the same date approved a loan in the amount of $2,000,000 to pay for them.

To date, the County Commissioners of Philadelphia County have purchased voting machines to supply only twenty-one of the forty-eight wards of the city. On September 2, 1931, you notified them in writing that unless they contracted immediately for the purchase of additional machines sufficient in number to supply the entire city you would advertise for proposals and award, make and execute a contract for the purchase of the necessary number of voting machines as provided by section four of the Act of April 18, 1929, P. L. 549, as amended by the Act of June 23, 1931, P. L. 1185. The county commissioners not having contracted for voting machines as per your notice, you advertised inviting proposals.

On Wednesday of this week at a conference between the city comptroller, the county commissioners and yourself, it was pointed out that the City of Philadelphia had expended for other purposes the money borrowed for the purchase of voting machines; and the city comptroller advised that he would not advertise under the Act of June 27, 1895, as amended by the Act of April 7, 1927, P. L. 176, for proposals for voting machines, notwithstanding the request of the county commissioners that he do so, until such time as the city is in funds to enable it promptly to pay for the machines purchased.

You desire to know whether under these circumstances you are required to withhold action or whether it is your duty to proceed to award a contract on behalf of the County of Philadelphia, as per the Voting Machine Act of 1929 and its amendments.

It is very doubtful whether, under the Act of 1895, as amended, the city comptroller can lawfully refuse to advertise for proposals for voting machines as per the directions of the county commissioners. See the decision of the Supreme Court in Com. *v.* Wertz, 251 Pa. 241, and also the decision of the Court of Common Pleas of Luzerne County in Com. *v.* Hendershot, 21 Luzerne Legal Reg. 1.

But however that may be, it is perfectly clear that under the Voting Machine Act it is your absolute duty under the circumstances above outlined to proceed with the award and execution of a contract for the purchase of additional voting machines necessary to supply all of the wards of Philadelphia. That act expressly provides that:

". . . the cost of such voting machines, including the delivery thereof, and of making and entering into the said contract or contracts, including the preparation and printing of specifications and all other necessary expense incidental thereto, shall be the debt of the said county, and, upon the certificate of the Secretary of the Commonwealth, it shall be the duty of the controller, if any, to allow, and of the treasurer of the county to pay, the sum out of any appropriation available therefor or out of the first unappropriated moneys that come into the treasury of the county."

The fact that the money expressly borrowed by Philadelphia for the purchase of voting machines has been diverted to other uses cannot defeat the expressed will of the electors or the plain mandatory provisions of the Voting Machine Act.

Accordingly, we advise you that it is your duty to proceed with the course of action which you have outlined in your notice to the County Commissioners of Philadelphia County.

From C. P. Addams, Harrisburg, Pa.